**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH COUNTY DIVISION**

| | |
|---|---|
| CAROL RICK, an individual, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CASE NO.: ) |
| 2880, LLC, a Florida Limited Liability Company, | ) ) ) |
| Defendant. | ) ) |

**COMPLAINT
(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff, CAROL RICK, by and through her undersigned counsel, hereby files this Complaint and sues 2880 LLC, a Florida Limited Liability Company, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and Rule 3.1, Local Rules of the United States District Court for the Southern District of Florida.

3. Plaintiff, CAROL RICK, (hereinafter referred to as "Ms. Rick") is a resident of the state of Florida in Palm Beach County.

1

4. Plaintiff is a qualified individual with a disability under the ADA.

5. Due to her disability, Plaintiff is substantially impaired in several major life activities including walking and standing and utilizes a walker for mobility[1].

6. Defendant 2880 LLC (hereinafter referred to as "2880") is a Florida Limited Liability Company registered to do business in the State of Florida. Upon information and belief, Defendant is the owner of the real property and improvements, Morbeck Building Cond, which is the subject of this action, to wit: generally located at 2880 NW 2nd Ave, #2, Boca Raton, FL 33431 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7. All events giving rise to this lawsuit occurred in the Southern District of Florida, Palm Beach County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT

8. Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

9. The Property, trade and commercial retail plaza, is consequently a place of public accommodation subject to the ADA.

10. Plaintiff has visited the Property discussed herein several times over the last year, and plans to visit again in the near future.

---

[1] Plaintiff is capable of walking short distances without assistance on good days.

11. During her most recent visit in early 2020, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

12. Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendant.

13. Plaintiff desires to visit the Property but fears that she will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

14. Defendant is in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq*. and are discriminating against Plaintiff due to, but not limited to, the following barriers to access which Plaintiff personally encountered and which hindered her access:

   A. Plaintiff encountered a shortage of disabled use parking spaces serving the building due to the Defendant's provision of only one (1) disabled use parking space for well over one hundred (100) total spaces.

   B. Plaintiff also encountered that the one (1) disabled use parking space does not have the proper signage, is not properly striped, and does not have a disembarking lane, wheel stop or sign.

15. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16. Independent of her intent to return as a patron, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17. Removal of the barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplishable without placing an undue burden on Defendant.

18. Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendant pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendant and requests the following injunctive and declaratory relief:

    A. That this Court declares that the Property owned, leased, and/or operated by Defendant is in violation of the ADA;

    B. That this Court enter an Order directing Defendant to alter its Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

    C. That this Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

  D.  That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

  E.  That this Court awards such other and further relief as it deems necessary, just and proper.

Date: May 13, 2020.

           Respectfully Submitted,

          THE ROSS LAW GROUP PLLC
          By*: /s/ Morgan McGrath*
          Morgan J. McGrath, Esq.
          Florida Bar No.: 98685
            mmcgrath@therosslawgroup.com